IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL of CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL of CARPENTERS SUPPLEMENTAL RETIREMENT FUND, CHICAGO REGIONAL COUNCIL of CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL of CARPENTERS APPRENTICE and TRAINING PROGRAM,<br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>N.H. MCLENNAN INC. and JOSEPH J. ZYZDA,<br><br>　　　　　　　　　　　Defendants. | CIVIL ACTION |

# COMPLAINT

Plaintiffs, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, Daniel P. McAnally, complain of the Defendants, N.H.MCLENNAN INC. and JOSEPH J. ZYZDA, as follows:

1.　　This action arises under Section 502 of the Employee Retirement Income Security Act, ERISA, 29 U.S.C. §1132, Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a) and the Illinois Wage Payment and Collection Act ("Wage Act"). 820 ILCS 115/1, et seq, Jurisdiction is founded on the existence of questions arising there under and 28 U.S.C. §1367.

2.　　The Plaintiffs ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans (29 U.S.C. §1002). The Trust Funds are the authorized collection agent for the Union. The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.     N.H. McLennan Inc. is an employer engaged in an industry affecting commerce which entered into Agreements which require it to pay fringe benefit contributions to the Trust Funds and to remit dues deducted from the employees' wages.

4.     Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5.     N.H. McLennan Inc. must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions and dues to the Trust Funds based upon the hours worked by its carpenter employees.

6.     The Defendants breached the Collective Bargaining Agreement and Trust Agreements by: a) failing to submit the reports and paying the dues and fringe benefit contributions for the period April0 2017 through present and, b) failing to pay liquidated damages on previously paid amounts.

7.     At all times material herein, there was in effect the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1, et seq.  Joseph J. Zyzda is an officer of N.H. McLennan Inc. and knowingly permitted and willfully refused to remit dues on behalf of its employees in violation of the Wage Act,  820 ILCS 115/14.

8.     Section 13 of the Wage Act provides that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation, 820 ILCS 115/13. Thus, Defendant, Joseph J. Zyzda, is an employer within the meaning of the Wage Act. Defendant deducted dues from the employees wages and failed to remit the money to the Plaintiffs.  The  dues are wages as defined by Section 2 of the Illinois Wage and Payment Collection Act, which have been assigned by the carpenter employees to the Union, 820 ILCS 115/2.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

9. Plaintiffs have complied with all conditions precedent in bringing this suit.

10. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendants.

11. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

12. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendants.

13. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a) double interest on the unpaid contributions; or

    b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

14. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

    a) That the Defendants be ordered to submit fringe benefit reports and pay contributions and dues checkoff for the months Aprilo 2017 through present.

    b) That N.H. McLennan Inc. be ordered to pay liquidated damages pursuant to the Trust Agreements.

    c) That N.H. McLennan Inc. be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

  d)  That N.H. McLennan Inc. be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

  e)  That N.H. McLennan Inc. be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

  f)  That Joseph J. Zyzda be ordered to pay the dues amount that Defendants deducted from the employees' wages.

  g)  That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' costs pursuant to 29 U.S.C. §1132(g)(2)(E).

    By:  s/ Daniel P. McAnally

        Attorney for Plaintiffs

Daniel P. McAnally
McGann, Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700
dmcanally@mkrlaborlaw.com